Lin v. Lynch

BIA
Christensen, IJ
A87 791 509

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of August, two thousand sixteen.

PRESENT:
        JOHN M. WALKER, JR.,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
            *Circuit Judges.*
_____

HONG HUI LIN,
        *Petitioner,*

        v.                                          15-2327
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Troy N. Moslemi, Flushing, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Song
                       Park, Senior Litigation Counsel;
                       Kimberly A. Burdge, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hong Hui Lin, a native and citizen of the People's Republic of China, seeks review of a June 29, 2015, decision of the BIA, affirming a January 22, 2014, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Hui Lin,* No. A87 791 509 (B.I.A. June 29, 2015), *aff'g* No. A87 791 509 (Immig. Ct. N.Y. City Jan. 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 167. As discussed below, substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on the inconsistencies concerning the circumstances under which Lin and his first witness last saw each other in China. Lin testified that he met the witness for a 2:00 pm meal, which lasted two hours. Lin was then confronted with his plane ticket for an 8:00 flight to Shanghai that same day. After a long pause, Lin responded that his flight was scheduled for 8:00 am, but that it was delayed until 4:00 pm. The witness testified, however, that he met Lin at 5:00 pm when it was dark. The agency reasonably found Lin's explanation both inconsistent with his own

3

testimony and implausible because Lin had previously testified that he took the day of work and went grocery shopping on the day he met the witness. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks and emphasis omitted)).

The agency also reasonably rested its adverse credibility determination on inconsistencies between Lin and his second witness's testimony concerning Lin's church attendance in the United States. *Xiu Xia Lin*, 534 F.3d at 166-67. Lin testified that, on the day before the hearing, he attended a 10:45 am church service until 12:30 pm and that he saw the witness after the service. But the witness testified that she attended a 12:00 pm church service, saw Lin when she first walked in, and that she left in the middle of the service at 1:00 pm.

Lin argues that the inconsistencies concerning his U.S.-church attendance were minor and he should have been confronted with them and given an opportunity to explain. We have held that "where the perceived incongruities in an asylum

4

applicant's testimony are not plainly obvious, an IJ cannot rely on them to support an adverse credibility ruling without first identifying the alleged inconsistencies for the applicant and giving the applicant an opportunity to address them." *Ming Shi Xue v. BIA*, 439 F.3d 111, 121 (2d Cir. 2006). Although Lin may be correct that certain inconsistencies concerning when he and the witness first met were "not plainly obvious," the inconsistences concerning the church service, which supposedly occurred the day before the hearing, were: Lin and Jin testified that the service was at different times and that they saw each other at different places. The agency therefore did not err in relying on the inconsistences about Lin's attendance at the church service. *Ming Shi Xue*, 439 F.3d at 125.

The agency also did not err in concluding that Lin's corroborating evidence was insufficient to rehabilitate his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (observing that an applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony already called into

5

question).  The agency reasonably accorded Lin's documents from China limited weight because Lin testified that his mother in Fujian Province sent them but the envelope reflected that the documents were sent from Shen Zhen Province by a man that Lin purportedly did not know.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the agency's discretion).  The agency also reasonably gave diminished weight to the letters from Lin's mother, friend, and church official in China because they were unsworn, were prepared for the purpose of litigation, and were from interested parties not subject to cross examination.  *See Matter of H-L-H- & Z-Y- Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (agency can give little weight to document drafted by interested witness not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Given the inconsistencies and the agency's reasonable treatment of Lin's corroborating evidence, the totality of the circumstances supports the credibility ruling.  *Xiu Xia Lin*, 534 F.3d at 167.  Because Lin's claims for relief were based on the same factual predicate, the adverse credibility

6

determination is dispositive of asylum, withholding of removal, and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```